# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7707 | **DATE** | 7/29/2003 |
| **CASE TITLE** | | Porche vs. Oden | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Report and Recommendation, this court recommends that Defendants' Second Motion for a More Definite Statement [26-1] be denied as moot. Plaintiffs should be granted 14 days until August 5, 2003 to file a third amended complaint in accordance with this opinion, including service of process upon the eight as yet unserved defendants by August 26, 2003. Defendants who have already received a summons will then have 10 days from the date of service of the third amended complaint to answer or otherwise plead, as requested. Defendants who have not yet been served with a summons will have 20 days from the date of service of process and the third amended complaint to answer or otherwise plead, as provided in Rule 12(a).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 30 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 38 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 7/29/2003 date mailed notice | |
| cav | courtroom deputy's initials | Date/time received in central Clerk's Office | cav mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JENI PORCHE, MARGARET L. HOSTY, and d/b/a GSU INNOVATOR, <br><br> Plaintiffs, <br><br> vs. <br><br> ROGER ODEN, et al., <br><br> Defendants. | Case No. 02 C 7707 <br><br> **DOCKETED** <br> JUL 3 0 2003 |

## REPORT AND RECOMMENDATION

Plaintiffs Jeni Porche, Margaret L. Hosty, and d/b/a GSU Innovator filed a pro se complaint against 13 defendants, alleging violations of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments (Counts I through VI), Defamation (Slander and Libel) (Count VII), Invasion of Privacy (Actual and False Light) (Count VIII), violation of the Open Meetings Act (also styled Count VIII), Civil Conspiracy (Count IX), Equitable Relief (Count X), and Punitive Damages (Harassment) (Count XI). On December 12, 2002, plaintiffs filed their First Amended Complaint, naming 16 additional defendants. On February 28, 2003, defendants filed a Motion for a More Definite Statement, arguing that plaintiffs' 31-page, 12-count, 183-paragraph complaint failed to specify which counts applied to which defendants, included 33 conclusory and argumentative footnotes, and overall "commingle[d] various theories and individuals so as to make responsive pleading impossible." *See Brainerd v. Potratz*, 421 F. Supp. 836, 839 (N.D. Ill. 1976). The District Court granted defendants' motion on March 6, 2003.



On March 20, 2003, plaintiffs filed a Second Amended Complaint, prompting defendants to file a Second Motion for a More Definite Statement on March 31, 2003. Rather than respond to defendants' motion, plaintiffs attempted to file a Third Amended Complaint. Defendants objected on procedural grounds and also claimed that eight defendants were never properly served with a summons. In response, plaintiffs filed a motion seeking, among other things, to suspend proceedings pending an appeal on the issue of proper service. The matter has been referred to this Court for a Report and Recommendation.

## DISCUSSION

Plaintiffs ask the Court to treat their Third Amended Complaint as their "affirmative response [to defendants' motion for a more definite statement], consenting to Defendant's motion for amendment." Pl. Mem. ¶6. Contrary to plaintiffs' suggestion, however, defendants' motion constitutes neither a motion for an amendment not written consent to amendment. *See* Fed. R. Civ. P. 12(e), 15(a). Thus, the Court will treat plaintiffs' submissions as a motion for leave to file a third amended complaint and first consider whether such a motion should be granted. *See, e.g., Porm v. Peters*, 996 F.2d 1219 (7th Cir. 1993) ("Rule 15(a) does not state that a request for leave to amend a complaint must be made by formal motion"); *Lloyd v. O'Brien*, No. 84 C 6142, 1986 WL 7338, at *1 (N.D. Ill. June 26, 1986) (treating plaintiff's response to a motion to dismiss, filed together with a proposed second amended complaint, as an implied motion for leave to amend the complaint).

A.  **Leave to Amend**

Rule 15(a) provides that a court should freely grant leave to amend a complaint "when justice so requires." *See 188 LLC v. Trinity Industries, Inc.*, 300 F.3d 730, 739 (7th Cir. 2002).

2

"In the absence of any apparent or declared reason – such as undue delay, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995). Moreover, "[i]t is, by now, axiomatic that district courts have a special responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim." *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Defendants do not argue that plaintiffs have unduly delayed in seeking to file a third amended complaint, that they will be unfairly prejudiced if amendment is allowed, or that plaintiffs will be unable to state a meritorious claim through amendment. Def. Reply ¶6. Thus, plaintiffs should be granted leave to file a third amended complaint by August 12, 2003.

**B.   Requirements for Amendment**

Having said that, the Court notes that the proposed version of plaintiffs' Third Amended Complaint is deficient in certain respects and must be revised in accordance with this opinion. First, plaintiffs admittedly never served a summons on the following eight defendants: Patricia Carter, Donald Bell, Judy Young, Edward Kammer, Dorothy Ferguson, Ivy White, Claude Hill and Steven O'Connor. Pl. Mem. ¶7. A plaintiff must serve a defendant with a complaint and summons within 120 days after filing the complaint unless the plaintiff shows "good cause for the failure." Fed. R. Civ. P. 4(m). "Good cause means a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Board of School Directors*, 290 F.3d 932, 934 (7th Cir. 2002). In the absence of good cause, a court may still extend the time for service if it finds "excusable neglect." *Id.*

3

Rule 4(e) requires that a copy of the summons and complaint be delivered to an individual defendant personally, left at his or her home "with some person of suitable age and discretion then residing therein," or left with an agent who has been authorized by appointment or by law to receive service of process. *See Klopas v. Fieldsheer Team Sports, Inc.*, No. 98 C 7427, 1999 WL 519299, at *1-2 (N.D. Ill. July 16, 1999). Plaintiffs claim that they tried to effect service through the university administration and trustees who "flatly refused to accept service attempted at the university's quarterly board meeting of December 12, 2002." Pl. Mem. ¶8. There has been no showing that any of the eight individuals was employed by the university at that time, or that the university was ever authorized to accept service on their behalf. Plaintiffs offer no explanation for their failure to attempt personal service in the manner permitted under the federal rules.[1] Pl. Mem. ¶8; Fed. R. Civ. P. 4(e). Nor did they ever move for an extension of time to serve these individuals. *See, e.g., Fowler v. Heaton*, No. 88 C 4778, 1989 WL 112770, at *2 (N.D. Ill. Sept. 21, 1989) (no good cause for delay in service where plaintiff "never once filed for an extension of the time to serve the defendant, pursuant to Rule 6(b) of the federal rules").

Nevertheless, plaintiffs are proceeding pro se and did make at least some effort to serve the eight defendants in a manner they believed to be appropriate. *See Ellis v. Welch*, No. 92 C 4633, 1994 WL 87387, at *3 (N.D. Ill. Mar. 14, 1994) ("*pro se* status . . . entitles plaintiffs to a certain degree of leniency in regard to service of process"). Indeed, the Attorney General's office

---

[1] In their Writ of Mandamus in the Seventh Circuit Court of Appeals, plaintiffs apparently argued that they could not serve certain "student Defendants" because they did not know their academic schedules and could not "troll . . . several-hundred acres and literally dozens of classrooms" to locate the individuals on campus. *See* Def. Reply ¶4. However, plaintiffs made no showing of any actual attempt to locate the individuals either on campus or at their places of residence.

4

is representing one of the unserved defendants, Judy Young. Moreover, given that the case is still in its very preliminary stages, it is unlikely that any of the individuals would be harmed or prejudiced by the delay in service. And the defendants who have been served already have not suggested that they would be harmed by the delay either. *See Coleman*, 290 F.3d at 934 (most courts would probably allow a late service where, among other things, "defendant does not show any actual harm to its ability to defend the suit as a consequence of the delay in service"). Overall, the balance of harms weighs in favor of allowing plaintiffs additional time to effect service. Thus, plaintiffs should be granted until August 26, 2003 to serve Carter, Bell, Young, Kammer, Ferguson, White, Hill and O'Connor with a summons and a copy of their third amended complaint in accordance with Rule 4(e). Failure to properly serve these individuals by that date may result in their dismissal from this lawsuit with prejudice.

Second, to avoid confusion, plaintiffs should make all factual allegations in the main text of the complaint and should not include any facts or assertions in footnote form.

## CONCLUSION

For the reasons stated above, plaintiffs should be granted 14 days until August 5, 2003 to file a third amended complaint in accordance with this opinion, including service of process upon the eight as yet unserved defendants by August 26, 2003. The defendants who have already received a summons will then have 10 days from the date of service of the third amended complaint to answer or otherwise plead, as requested. Def. Reply ¶6; Fed. R. Civ. P. 15(a). Defendants who have not yet been served with a summons will have 20 days from the date of service of process and the third amended complaint to answer or otherwise plead, as provided in

Rule 12(a). Defendants' Second Motion for a More Definite Statement (Docket Entry #26-1) should be denied as moot.

Counsel has ten days from the date of service of this Court's Report and Recommendation to file objections with the Honorable Ronald A. Guzman. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. §636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327 (7th Cir. 1995).

NAN R. NOLAN
United States Magistrate Judge

Dated: July 29, 2003