IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JENI PORCHE, and | ) | |
| MARGARET L. HOSTY, | ) | |
| | ) | Civil Action No. 02 C 7707 |
| Plaintiffs, | ) | |
| | ) | Judge Ronald A. Guzman |
| vs. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| ROGER ODEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
SUBMISSION OF COSTS AND FEES
ASSOCIATED WITH MOTION FOR SANCTIONS**

The Defendants, Roger Oden, et al., by and through their attorney, Lisa Madigan, and in response to the Plaintiff's Motion for Discovery Sanctions Against Defendants, state as follows:

Following entry of the Court's order of February 27, 2009, finding that Defendants failed to preserve certain documents that the Court found relevant to Plaintiffs' claim for retaliation, counsel for Plaintiffs submitted an invoice for $31,587.50 and has asked the Court to "make such award as it deems just in all the circumstances." *See* Letter of March 26, 2009 [Dkt. 247]. To properly assess what is an appropriate award, Defendants respectfully request that the Court consider the relief afforded and the fees and costs that a reasonably diligent attorney would likely have incurred in petitioning the Court for such relief. Seen in this light, Plaintiffs' request for $31,587.50 in fees and costs is plainly excessive. Defendants respectfully suggest that any award of fees and costs be limited to no more than $5,000, an amount that is clearly commensurate with the nature of the relief obtained and the scope of the sanction.

This Court ordered sanctions against the Defendants pursuant to Rule 37(c)(1). In

*Krumwiede v. Brighton Assoc. L.L.C.*, 2006 WL 2349985 (N.D.Ill.) Magistrate Judge Ashman also evaluated an award of attorneys fees and costs pursuant to Federal Rule of Civil Procedure 37(b)(2) and 37(c)(1). Citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), Judge Ashman explained that "the amount of a reasonable fee is the number of hours reasonable expended on the litigation multiplied by a reasonable hourly rate." *Krumwiede* at *1. The party petitioning for fees "bears the burden of documenting the appropriate hours expended. . . and must not include hours that are excessive, redundant, or otherwise unnecessary." *Id*. citing *Hensely* at 437, 434.

When a request for attorneys fees and costs is excessive, a District Court has discretion to reduce the request or to deny it entirely. *Ingram v. Jones*, 46 F.Supp.2d 795, 798 (N.D.Ill. 1999). Additionally, the District Court "should scrutinize the fee petition carefully for indications of duplicative time." *Id*. citing *FMC Corp. v. Varonos*, 892 F.2d 1308, 1316 (7th Cir. 1990). In *Brown v. Stackler*, the Seventh Circuit affirmed the district court's denial of attorneys fees because the claim of billable time was "utterly unreasonable. . . on a plain and simple case." 612 F.2d 1057, 1059 (7th Cir. 1980). And in *Budget Rent-A-Car System, Inc. v. Consolidated Equity LLC*, the Seventh Circuit ordered sanctions against Consolidated Equity for a frivolous appeal, but then denied Budget's fees and costs because they were exorbitant. 428 F.3d 717 (7th Cir. 2005). The Seventh Circuit instructed that, "when an award of fees is permissive, denial is an appropriate sanction for requesting an award that is not merely excessive, but so exorbitant as to constitute an abuse of the process of the court asked to make the award." *Id*. at 718.

The Court concluded that Plaintiffs should have kept all thesis approval forms for the 101 students who obtained a Master's Degree in English from GSU from 2000 through 2007. In its February 27th Order, the Court awarded sanctions under Rule 37(c)(1) against defendants for

2

failing to preserve all such documents and ordered that at trial "only original documents produced be admitted." Defendants respectfully submit that this is a ruling, substantially different than the ruling requested by Plaintiffs, that Plaintiffs could have obtained with significantly less time, effort, and cost than what was apparently incurred. No significant legal research was required – Plaintiffs' legal memoranda cite only boilerplate propositions – and a reasonably drafted argument for exclusion of Defendants' demonstrative chart could well have been prepared in a number of hours. Counsel's invoice shows that almost 70 hours were spent on the motion papers.

Here Plaintiffs' Counsel's invoice contains what is simply an inordinate amount of hours expended on the Motion for Sanctions. Counsel's recorded time on the matter total 69.75 hours or more than eight (8) straight days of attorney work at $435 an hour. In addition to eight hours of research, Counsel spent 38.25 hours "researching/drafting motion for sanctions." It is unclear from the motion whether this time was spent researching or actually drafting. The designations are not specific enough. If dedicated to research, they are especially excessive, in light of the fact that the vast majority of the Memorandum in Support of the Motion for Sanctions was a recitation of the time line of events that occurred during the parties' discovery process. Very little of the Memorandum, only two of the twelve and a half pages, was dedicated to any case law. It is Counsel's duty to clearly specify the use of his time and he does not do so. Either way, the amount of time spent on a relatively simple issue is excessive.

Time spent on the reply is equally excessive in light of the relief obtained and equally unclear as to what time was spent on which particular aspects of creating the pleadings. Counsel spent 19.5 hours "researching/drafting reply in support of sanctions motion," in addition to

another 4 hours "drafting/filing the reply." Additionally, Counsel's two legal assistants spent a total of 2.25 assisting with the filing of the reply.

The requested attorneys fees and costs total is especially excessive given that the Plaintiffs did not prevail on the majority of the arguments they pleaded. Despite arguments from the Plaintiffs to the contrary, the Court did not find that the Defendants fabricated documents or violated the May 9, 2008, Court Order. In fact, the Court did not even find that the Defendants had violated Rule 37(b)(2)(A) and did not order the jury instruction requested by the Plaintiffs.

WHEREFORE, the Defendants request that the Court reduce Plaintiffs' Counsel's request for attorneys fees and costs to no more than $5,000.

LISA MADIGAN  
Attorney General of Illinois

Respectfully Submitted,

 /s/ Rachel Fleischmann  
RACHEL FLEISCHMANN  
PETER C. KOCH  
Assistant Attorneys General  
Office of the Illinois Attorney General  
100 West Randolph Street, 13th Floor  
Chicago, Illinois 60601  
312 - 814 - 6122 / 6534 phone  
312 - 814 - 4425 fax